**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**STEPHANIE LEWIS,**

                **Petitioner,**        **11 Civ. 0099 (JGK)**

        - against -                **MEMORANDUM OPINION AND ORDER**

**HEALTH & HOSPITALS CORP. ET AL.,**

                **Respondent.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff's application to appoint counsel is **denied without prejudice** for failure to make the required showing. The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Jackson v. Moscicki, No. 99 Civ. 2427 (JGK), 2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000). For the Court to order the appointment of counsel, the plaintiff must, as a threshold matter, demonstrate that her claim has substance or a likelihood of success on the merits. See Hodge, 802 F.2d at 60-61. Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: "plaintiff's ability to obtain representation independently, and [her] ability to handle the case without assistance in the light of the required factual investigation, the complexity of the

legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).  The plaintiff has not made such a showing.  The plaintiff's application for the Court to appoint counsel is therefore **denied without prejudice** for failure to make the required showing at this time.

**SO ORDERED.**

**Dated:   New York, New York
          February 8, 2013**

_____/s/_____
**John G. Koeltl
United States District Judge**