**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**STEPHANIE LEWIS,**

                **Plaintiff,**        **11 Civ. 0099 (JGK)**

      - against -                     **MEMORANDUM OPINION**
                                                        **AND ORDER**
**HEALTH AND HOSPITALS CORPORATION and**
**METROPOLITAN HOSPITAL CENTER,**

                **Defendants.**
────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

The plaintiff, Stephanie Lewis, brings this action against the New York City Health and Hospitals Corporation ("HHC") and the Metropolitan Hospital Center ("Metropolitan") pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as codified, 42 U.S.C. §§ 12112-12117.[1] The plaintiff was employed by HHC and was formerly assigned to Metropolitan, an operating division of HHC. The plaintiff alleges that the defendants discriminated and retaliated against her, and that the defendants failed to accommodate her disability--diabetes. The defendants now move for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on the ground of collateral estoppel.

───────────────

[1] While the plaintiff had also named the New York State Division of Human Rights as a defendant, the Court dismissed the claims against that defendant in an Order dated January 25, 2011.

**I.**

The standards to be applied to a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are the same as those applied to a motion to dismiss pursuant to Rule 12(b)(6). See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). "Thus, [a court] will accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor. To survive a Rule 12(c) motion, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010) (internal quotation marks and citation omitted). In deciding such a motion, the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that either are in the plaintiff's possession or were known to the plaintiff when she brought suit, or matters of which judicial notice may be taken. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Woodhams v. Allstate Fire & Cas. Co., 748 F. Supp. 2d 211, 215 (S.D.N.Y. 2010).

**II.**

The following facts are accepted as true for the purposes of this motion, unless otherwise indicated.[2]

On November 17, 2008, the plaintiff filed a verified complaint with the New York State Division of Human Rights ("SDHR") against these same defendants, alleging facts identical to those of the present action. (SDHR Determination and Order After Investigation dated August 26, 2010 (hereinafter "SDHR Determination").) In the SDHR complaint, the plaintiff alleged that the defendants had engaged in disability discrimination and retaliation in violation of the ADA and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-297. (SDHR Determination at 1, 4.) Specifically, the plaintiff alleged that HHC and Metropolitan discriminated against her because Kimberly Moore-Rolle, the plaintiff's supervisor while she was an employee in the Metropolitan's Women's Health Department, "had a problem with how often [the plaintiff] used the restroom" and that Moore-Rolle "made things very difficult for [the plaintiff]." (SDHR Determination at 1.)

---

[2] The Complaint itself does not contain any factual allegations, but merely relies on the facts contained in the documents attached to the Complaint, including the Determination and Order After Investigation issued by the New York State Division of Human Rights. (Compl. at 5, 6-9.)

3

The plaintiff also alleged that once she was transferred from the Women's Health Department to another department in Metropolitan, her new supervisor was Preston Kendall, one of Moore-Rolle's close friends.  (SDHR Determination at 2.)  The plaintiff alleged that Kendall "made [the plaintiff] feel as though under his supervision, she 'would pay for bothering [Moore-Rolle]'" and that Kendall "made remarks in front of the other staff members" every time the plaintiff went to use the restroom.  (SDHR Determination at 2.)  The plaintiff alleged that Kendall would have the plaintiff paged over the hospital's public address system frequently, and that Kendall falsely accused her of numerous incidents of misconduct, including ignoring the dress code, deliberately logging herself off Metropolitan's computer system, exposing her stomach in front of her co-workers, putting mucus on paperwork, and sexually harassing him.  (SDHR Determination at 2-3.)

The SDHR conducted a lengthy investigation into the plaintiff's allegations.  (SDHR Determination at 1.)  The investigator received statements from both the plaintiff and the defendants, and interviewed a few of the plaintiff's former co-workers from the Women's Health Department at Metropolitan.  (SDHR Determination at 1-2.)  The investigator interviewed two of the plaintiff's co-workers in Kendall's department, and spoke with an operator at Metropolitan who confirmed that the

plaintiff was paged often.  (SDHR Determination at 2.)  The investigator also spoke to five of the plaintiff's former co-workers--employees from different departments of Metropolitan--who were identified by the plaintiff as witnesses.  (SDHR Determination at 3.)

In addition, the SDHR investigated the plaintiff's allegation that she had been suspended in November 2008 because of her disability.  (SDHR Determination at 3.)  The investigation revealed that the plaintiff's November 2008 suspension was pending an investigation of a sexual harassment complaint against her, for which the plaintiff alleged she had been wrongfully accused.  (SDHR Determination at 3.)  The investigator interviewed two of the plaintiff's co-workers, who both stated that they had witnessed the "inappropriate touches" that were the basis of the sexual harassment complaint against the plaintiff.  (SDHR Determination at 3.)  Both of the witnesses had given similar statements to Lois Penn, the person who had conducted the defendants' investigation of the sexual harassment complaint.  (SDHR Determination at 3.)

On August 26, 2010, the SDHR issued a four-page Determination and Order, finding that "there is no probable cause to believe that [the defendants] ha[ve] engaged in or [are] engaging in the unlawful discriminatory practice complained of."  (SDHR Determination at 1.)  According to the

5

SDHR, the investigation revealed that the plaintiff had always been accommodated with regard to her need to use the bathroom often, and that she was accommodated with regard to this medical necessity even when she did not provide the defendants with the necessary medical documentation.  (SDHR Determination at 3.)  The investigation did not reveal any evidence to support the plaintiff's allegation that she had been subjected to a hostile work environment due to her disability.  (SDHR Determination at 3.)  Because "[t]he investigation did not reveal sufficient evidence to establish an inference of discrimination based on disability," the SDHR ultimately dismissed the plaintiff's complaint.  (SDHR Determination at 4.)

The SDHR Determination also noted that because the plaintiff's complaint included an ADA claim, the plaintiff could request a review by the Equal Employment Opportunity Commission (EEOC) of the SDHR's action, or otherwise the EEOC would generally adopt the SDHR's action in her case.  (SDHR Determination at 4.)  On October 1, 2010, the EEOC sent the plaintiff a notice of dismissal and of her right to sue, informing the plaintiff that the EEOC was closing its file on her charge because it had adopted the SDHR's findings.  (EEOC Dismissal and Notice of Rights dated October 1, 2010.)

On October 25, 2010, the plaintiff commenced a special proceeding pursuant to Article 78 of the New York Civil Practice

6

Law and Rules, N.Y. C.P.L.R. § 7801 et seq., seeking a judgment annulling the SDHR's Determination.  See Lewis v. N.Y.C. Health and Hosps. Corp., Index No. 403013/10 (N.Y. Sup. Ct. Sept. 9, 2011) (hereinafter "Article 78 Judgment").  By a Judgment dated September 9, 2011, the New York State Supreme Court for New York County dismissed the plaintiff's Article 78 petition and held that "[the SDHR's] investigation of [the plaintiff's] complaint was neither abbreviated or one-sided," and that "[the SDHR's] no probable cause determination is neither arbitrary or capricious and has a rational basis."  (Article 78 Judgment at 2-3.)  The plaintiff's Article 78 petition as against HHC was dismissed without prejudice because the plaintiff had failed to serve HHC within the statute of limitations and thereby failed to obtain personal jurisdiction over HHC.  (Article 78 Judgment at 3-4.)

The plaintiff commenced the present action by filing a Complaint on December 30, 2010.  The defendants now move for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on the ground of collateral estoppel.

### III.
#### A.

As a preliminary matter, the defendants argue that Metropolitan is not subject to suit because it is an operating division of HHC, not a separate corporate entity.  Because

7

Metropolitan is an operating division of HHC, it is not a suable entity.  See Igartua v. Elmhurst Hosp. D-11 Psychiatric Ward, 2011 WL 1337494, at *1 n.1 (E.D.N.Y. Mar. 17, 2011); Ochei v. Coler/Goldwater Mem'l Hosp., 450 F. Supp. 2d 275, 287-88 (S.D.N.Y. 2006); Ayala v. Bellevue Hosp., 1999 WL 637235, at *3 (S.D.N.Y. Aug. 20, 1999).  Accordingly, all claims against Metropolitan must be dismissed.

**B.**

The defendants argue that the plaintiff is collaterally estopped from asserting claims of disability discrimination and retaliation.  The federal full faith and credit statute provides, in relevant part, that the "judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  28 U.S.C. § 1738.  Under the full faith and credit statute, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  Therefore, New York law governs this Court's collateral estoppel analysis.

The doctrine of collateral estoppel--also known as issue preclusion--prohibits a party from re-litigating an issue in certain circumstances.  Under New York law, collateral estoppel bars claims where "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." <u>Colon v. Coughlin</u>, 58 F.3d 865, 869 (2d Cir. 1995) (citations omitted); <u>see also</u> <u>Phifer v. City of New York</u>, 289 F.3d 49, 56 (2d Cir. 2002).  The defendants, as the parties asserting issue preclusion, bear the burden of showing that the identical issue was previously decided, while the plaintiff bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding.  <u>Colon</u>, 58 F.3d at 869 (citation omitted).

Issue preclusion will apply only if it is "quite clear" that the requirements have been satisfied.  <u>Id.</u> (citation omitted).  Thus, under the first part of the collateral estoppel inquiry, the defendants must show that it is "quite clear" that the identical issue was "actually and necessarily decided."  <u>See id.</u>  In determining whether a party has had a full and fair opportunity to litigate in the prior proceeding, courts must consider "the realities of the [prior] litigation, including the context and other circumstances which . . . may have had the

9

practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against [that party]." Ryan v. N.Y. Tel. Co., 467 N.E.2d 487, 491 (N.Y. 1984) (internal quotations marks and citation omitted).  Among the factors to be considered are "the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation." Id. (citations omitted). The burden is on the plaintiff to establish this second prong of the collateral estoppel inquiry.  See id.

Moreover, the Supreme Court has held that a state court affirmation of a state administrative determination is entitled to preclusive effect in federal court, so long as the state's administrative proceedings satisfy the minimum requirements of the Due Process Clause of the Fourteenth Amendment.  See Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481-82 (1982).  In Kremer, the Court stated that it had "no hesitation in concluding that [New York State's] panoply of procedures, complemented by administrative as well as judicial review, is sufficient under the Due Process Clause."  Id. at 484.  The Court thus held that an SDHR determination finding no probable cause and dismissing a complaint, coupled with a state court judgment affirming the

10

administrative determination, precluded further litigation of federal claims arising from the same facts resolved by the prior proceedings.  See id. at 485.

In addition, the Court of Appeals for the Second Circuit has held that a "New York state court affirmation of [the SDHR's] finding of no probable cause would preclude federal litigation based on the same facts . . . ." Yan Yam Koo v. Dep't of Bldgs. of City of New York, 218 F. App'x 97, 98 (2d Cir. 2007) (summary order).  Such a decision is applicable to claims under the ADA.  See Sank v. City Univ. of N.Y., No. 10 Civ. 4975, 2011 WL 5120668, at *4 (S.D.N.Y. Oct. 28, 2011).  In Yan Yam Koo, as in the present case, the plaintiff presented the same issues and allegations of discrimination and retaliation to the state court in both his complaint to the SDHR and his Article 78 proceeding as he did in his federal district court complaint.  Yan Yam Koo, 218 F. App'x at 99.  The Second Circuit Court of Appeals found that the requirements for collateral estoppel were met, and therefore affirmed the district court's decision that the plaintiff's federal action was precluded.  See id.

Here, the issues in the present action--namely, disability discrimination and retaliation--are issues that were already litigated in the prior state proceedings.  The facts alleged in the present action are the same as those alleged in the prior

11

proceedings.  To explain the facts supporting her present claim, the plaintiff simply attached the SDHR Determination explaining why her claims were rejected.  The plaintiff similarly attached the SDHR Determination to her Article 78 petition requesting reversal of that Determination.  The claims and issues asserted in the present action are also identical to those asserted in the SDHR and Article 78 proceedings, although they were asserted under state law in the state proceedings.  The SDHR issued a Determination and Order finding that "there is no probable cause to believe that [the defendants] ha[ve] engaged in or [are] engaging in the unlawful discriminatory practice complained of." (SDHR Determination at 1.)  When the plaintiff later commenced an Article 78 proceeding, the New York State Supreme Court for New York County dismissed the plaintiff's Article 78 petition and held that "[the SDHR's] no probable cause determination is neither arbitrary or capricious and has a rational basis." (Article 78 Judgment at 2-3.)  Accordingly, it is quite clear that the issues in the present action were actually and necessarily decided in the prior state proceedings.[3]

---

[3] While the SDHR Determination and the Article 78 Judgment did not specifically use the word "retaliation," it is plain that both necessarily rejected any claim arising from the facts alleged by the plaintiff in support of a retaliation claim.  See Yan Yam Koo, 218 F. App'x at 99.  The facts alleged in the present action are the same as those alleged in the prior proceedings, because the plaintiff used the SDHR Determination

12

Furthermore, the plaintiff in this case had a full and fair opportunity to litigate these issues in the prior proceedings. In fact, the plaintiff had multiple opportunities to litigate these issues, in both the SDHR proceeding and the Article 78 proceeding. It is quite clear that the prior proceedings afforded the plaintiff a full and fair opportunity to litigate the issues raised in the present action. Therefore, collateral estoppel now precludes the plaintiff from bringing the present action against the defendants in federal court.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the defendants' motion for judgment on the pleadings is **granted**. The Clerk is directed to enter judgment and to close this case and all pending motions.

**SO ORDERED.**

**Dated:**   **New York, New York**
            **May 31, 2013**            __/s/_____
                                           **John G. Koeltl**
                                    **United States District Judge**

---

as the basis of her explanation of the facts in the Article 78 proceeding as well as in the present action.